WILLIAM F. HUNN, PLAINTIFF-RESPONDENT. v. B. H. MEADE, ALSO KNOWN AS JACK MEADE, DEFENDANT-APPELLANT.

Submitted October 5, 1937—Decided January 28, 1938.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Paul C. Kemeny.*

For the respondent, *George L. Burton.*

LLOYD, J. The plaintiff below recovered judgment on an alleged oral agreement to compromise a larger claim growing out of the sale of Plymouth cars in a portion of Middlesex county, and the defendant appeals, setting out and arguing three causes for reversal.

These were: error in the admission of evidence; that the agreement was in violation of the statute of frauds; and that a motion for nonsuit was erroneously denied. These alleged errors may be considered together.

The plaintiff had a written contract (offered in evidence) with one Van Sickle, called a direct dealer, whereby plaintiff was given non-exclusive right to purchase Plymouth motor vehicles in quantities named and Plymouth and Dodge vehicle parts for resale in certain parts of Middlesex county.

Plaintiff's proofs showed that, having this contract, he made a verbal agreement with the defendant that the latter might sell Plymouth cars in Milltown, defendant paying plaintiff five per cent. of the price of each car so sold. Plaintiff testified that defendant failed to pay the commission and that they entered into a new oral agreement that defendant would pay plaintiff the sum of $317.50, representing the commission on the sale of ten cars, and that this had not been paid.

In this situation plaintiff called as a witness one Burns, employed by Van Sickle. Burns, over objection and exception, testified that under the written agreement between plaintiff and Van Sickle, plaintiff was given the exclusive right to solicit business in Milltown but that no one else was precluded from making sales in that town.

It is to be noted that the agreement offered in evidence makes no reference to the right to solicit, nor does it give an exclusive right to resell in Milltown, but gives a non-exclusive right to purchase for distribution and resale in Milltown, and to establish a certain custom binding on the parties, the custom and the elements to make it binding must affirmatively appear. No custom is shown to exist, and to supplement provisions by parol is error. Whether the evidence given is to be treated as a construction of the contract, contrary to its terms, or as an attempt to add thereto some trade customs as impliedly part thereof, the proofs were clearly incompetent and insufficient.

The respondent argues, however, that the error if error it was, was harmless. We cannot so view it. Whether the defendant made the agreement relied upon is the vital point of the case and whether if the judge hearing the case without a jury would have given credit to the defendant's proofs of the contract had he known that the plaintiff had no exclusive right of solicitation in Milltown, we cannot know.

That the case must be heard and determined on valid proofs, it must go back for retrial.

The other alleged errors may be presented in different aspects if and when the case shall again come before us.

The judgment is reversed, and a retrial awarded.